**Thomas Floyd PUGH, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 57188.**

Supreme Court of Missouri, Division No. 2.

Oct. 9, 1972.

Henri J. Watson, Legal Aid and Defender Society of Greater Kansas City, Kansas City, for movant-appellant; Paul T. Miller, Executive Director, Willard B. Bunch, Chief Defender, Kansas City, of counsel.

John C. Danforth, Atty. Gen., Gene E. Voigts, First Asst. Atty. Gen., Jefferson City, for respondent.

STOCKARD, Commissioner.

Thomas Floyd Pugh has appealed from the denial, after evidentiary hearing, of his motion pursuant to Rule 27.26, V.A.M.R., to vacate and set aside the judgment of conviction of second degree burglary and stealing in conjunction therewith, entered following his plea of guilty to both offenses.

Appellant's only contention on this appeal is that his pleas of guilty were involuntary because at the time he was of the

"mistaken belief that he would be granted probation or not more than a two year sentence."

Appellant was charged with burglary, second degree, and stealing in conjunction therewith, and also with tampering with an automobile and with rape. At the time the plea of guilty to burglary and stealing was entered, appellant appeared in court with his retained counsel, and pursuant to what appears to have been a prior arrangement, the other two charges were dismissed.

The record made at the time the pleas of guilty were entered was introduced in evidence at the hearing on the motion. It shows that appellant affirmatively admitted that he understood the nature of the charge; that he was pleading guilty because he was in fact guilty; that he had received no promises of special treatment and had not been coerced or threatened in any way; that he had had the time and opportunity to advise with counsel and friends; and that he understood the range of punishment. Appellant related to the court the circumstances of the offenses, and the court then advised appellant that sentencing was to be deferred until a pre-sentence investigation was received.

Appellant was free on bond, but he did not appear at the time sentence was to be imposed. Approximately two years later after appellant had been returned from California, he was brought before the court for sentencing. In the meantime the judge who had accepted his pleas of guilty had died, and appellant appeared before another judge. His counsel, which was the same as at the time he entered his pleas of guilty, explained to the court that before the pre-sentence report was received, the judge who had received the pleas of guilty "was considering the possibility of a parole because of the fact of no previous convictions, nor any serious trouble in the past," but that after the report was received the judge had indicated to appellant's counsel that "he did not feel that he could give any probation to the defendant." Counsel then stated that the judge had indicated that he

was "inclined to give consideration to the minimal sentence," but that no binding statement was made. He further added that when appellant absented himself, the "court then indicated that he felt that he could not be bound by the minimal sentence," and had indicated that he "would be more inclined to consider * * * a three year sentence on a concurrent basis." Appellant's counsel then stated in the presence of appellant that he had advised him "that there is no binding effect upon this judge sitting in this court."

The court then advised appellant that he had read the transcript made at the time he entered his pleas of guilty and also the pre-sentence report, and he asked: "Mr. Pugh, before I sentence you, is there any legal cause why judgment and sentence should not be imposed and pronounced?" Appellant answered, "No, Sir." The court then imposed a sentence of five years for burglary and two years for stealing to be served concurrently. A discussion then followed as to whether appellant should receive credit for jailtime, but he made no mention or claim that the sentence was greater than that which he understood he was to receive.

At the hearing on the motion appellant testified that it was his understanding that he would be granted probation or a sentence of not more than two years, and it was for that reason that he entered his pleas of guilty. His counsel testified, in effect, that he advised appellant he could have a trial if he desired; that he advised him of the range of punishment; that he advised appellant that it was his opinion that he would receive a minimal sentence, two or three years, and if there was a favorable pre-sentence report, there would be a chance for probation. He also testified that he advised appellant that his opinions were not a guarantee of the disposition to be made by the court.

The trial court found "no merit in [appellant's] claim of a promised sentence if he should plead guilty." This is a

case which turns primarily on the credibility of witnesses whom the trial court could and did observe while on the witness stand. The findings of the trial court are presumed to be correct and must be affirmed unless clearly erroneous. State v. Mountjoy, Mo., 420 S.W.2d 316. Not only are the findings not clearly erroneous; we would reach the same result from an independent consideration of the record.

The judgment is affirmed.

HOUSER, C., concurs.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.